## Hord *vs.* Chandler.

ERROR TO TAYLOR CIRCUIT.

Judge Simpson delivered the opinion of the court.

ORD. PET.

Case 19.

December 24.

1. It is not good ground of demurrer that an amended petition, in a suit by ordinary petition, departs from the cause of action set out in the original petition. (*See chap.* 3, *Code of Practice.*)

2. By the Code of Practice, there is but one form of action in ordinary petition, and though all causes of action cannot properly be joined, the plaintiff may, at any time before the cause is submitted to the jury or court, strike out any cause of action, (§ 138,) and thus submit for a decision, by amendment and striking out, a distinct cause of action from that set forth in the original petition.

3. One who purchased property, (a note,) and had been induced to do so by the fraudulent representations of the seller, will, notwithstanding he may not show a right to recover the amount paid for the note, by offering to return it in a reasonable time have a right to recover damages for the fraud.

The cause of action contained in the plaintiff's original petition was the breach of a contract on the part of the defendant. His amended petition set up and relied upon a fraud committed by the defendant, in the making of the contract.

Case stated.

The defendant filed a demurrer to the amended petition, and specified as one of the grounds of objection to it, that it was a departure from the original form of the action which was in contract, the amended petition being in tort. This, however, was no cause of demurrer. If it were, as contended, a misjoinder of causes of action, the defendant could not take advantage of it by demurrer. The third chapter of the Code of Practice prescribes and defines the cases in which the defendant is allowed to demur to the petition, and this is not one of them. If the plaintiff joined causes of action, which could not be properly joined, the defendant could only avail himself of the objection, by a motion to the court to strike out of the petition the cause of action so improperly joined with others, and not having done so the objection must be deemed to have been waived by him. (*Code of Practice*, § 139, § 140.)

1. It is not good ground of demurrer that an amended petition, in a suit by ordinary petition, departs from the cause of action set out in the original petition.— (*See chap.* 3, *Code of Practice.*)

Horn
vs.
Chandler.

2. By the Code of Practice, there is but one form of action in ordinary petition, and though all causes of action cannot properly be joined, the plaintiff may, at any time before the cause is submitted to the jury or court, strike out any cause of action, (§138,). and thus submit for a decision, by amendment and striking out, a distinct cause of action from that set forth in the original petition.

Under the Code of Practice, there is but one form of action. There are causes of action that cannot be properly joined in the same petition. But the plaintiff has a right to strike from his petition any cause of action, at any time before the final submission of the case to the jury, or to the court where the trial is by the court, (§ 138.) He can, therefore, by amending his petition and striking out, or abandoning the cause of action contained in his original petition, present an entirely different cause of action, and one that could not have been joined with that in the original petition.

The plaintiff abandoned his first cause of action, and proceeded alone upon that contained in his amended petition. It was stated in the amended petition, and so proved upon the trial, that the plaintiff was indebted to Peterson, and at the same time held a note on the defendant, who had a note on Brown, and that the defendant, to induce the plaintiff to take the note on Brown, in payment of the note he held on the defendant, represented to him falsely and fraudulently, that he, the defendant, had seen Peterson, who had agreed to take the note on Brown in payment of his demand against the plaintiff. That upon the faith of the representation so made by the defendant, he had taken from him the note on Brown in payment of the defendant's note, that the representation was false and untrue, Peterson having never promised or agreed to take the note on Brown in payment of his debt on the plaintiff, and that he had, as soon as he discovered such to be the fact, which he did within a reasonable time after the note was delivered to him, immediately made a tender of the note on Brown to the defendant, and demanded a rescission of the contract, which was refused by him, and that Brown had become insolvent, and he had lost the debt.

The defendant to defeat the plaintiff's right to recover, stated in his answer among other matters of defense, and proved upon the trial, that the plaintiff, after he made the offer to rescind the contract, had, by agreement with Brown, given him indulgence up-

on the debt, had failed to bring suit to the first term of the court, and had brought a suit upon the note at a subsequent time.

The plaintiff's right to recover, by the instructions given to the jury by the circuit court, was made to depend upon the question whether or not there had been a rescission of the contract. The testimony tended to show that the rescission of the contract had been waived by the plaintiff, and that he had retained and treated the note as his own. But conceding such to have been the fact, it does not result that the plaintiff had no right to recover for the fraud, if one had been practised upon him. He might waive his right to rescind the contract, and then claim compensation in damages for the injury he had sustained by the fraud of the defendant. If he established the fraud, he had a right to recover at least nominal damages, and if he lost the debt in consequence of the fraud, and not by his own neglect, or by the indulgence he gave to the debtor, he had a right to recover the amount of the debt on Brown, or at least the consideration he paid for it. If the plaintiff could not, by the use of reasonable diligence, have made the debt out of Brown, at the time he received the note by assignment, he sustained an injury by the fraud of the defendant, equivalent to the full amount that he paid for the note.

As the plaintiff, if he established the fraud, had a right to recover to some extent, and as the instructions of the court, as given to the jury, denied him that right, the instructions were in that respect erroneous.

Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Harding & Barbee*, for plaintiff; *Shuck*, for defendant.